## Mary Royls, Administratrix, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 18,035. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. RICH-ARD E. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 15, 1913. Rehearing denied October 27, 1913.

### Statement of the Case.

Action by Mary Royls, administratrix of the estate of James J. Royls, deceased, against Chicago City Railway Company to recover for wrongful death of deceased resulting from sudden starting of car while deceased was attempting to board same at street intersection. From a judgment in favor of plaintiff for five thousand dollars, defendant appeals.

JOHN E. KEHOE and WATSON J. FERRY, for appellant; LEONARD A. BUSBY, of counsel.

S. P. DOUTHART and JAMES L. BYNUM, for appellee; GUERIN, GALLAGHER & BARRETT, of counsel.

MR. JUSTICE DUNCAN delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 476*—*when evidence sufficient to sustain verdict for death resulting from sudden starting of car.* In an action against a street railway company for death of a person resulting from sudden start of one of defendant's cars while boarding same at a street intersection, verdict for plaintiff, *held* not against the manifest weight of the evidence.

2. CARRIERS, § 472*—*when expert evidence admissible.* It is discretionary with court to admit expert evidence in rebuttal, although affirmative evidence in establishment of plaintiff's case.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

3. CARRIERS, § 472*—*admissibility of expert evidence as to cause of death.* Permitting a physician to state whether injuries caused death, *held* not to invade province of the jury.

4. CARRIERS, § 472*—*competency of expert to answer hypothetical questions on cause of death.* Physician may in answer to hypothetical questions, give opinion whether death resulted from injuries though he had personal knowledge of the nature and extent of the injuries and was able to testify 'from his own knowledge.

5. APPEAL AND ERROR, § 512*—*when objection to hypothetical questions waived.* Objection that hypothetical questions contained improper elements or lacked other elements is waived by not making specific objections.

6. APPEAL AND ERROR, § 430*—*time to object for duplicity in declaration.* Too late after judgment to complain of duplicity in the declaration.